UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

**SOUNDRA TEMPLE JOHNSON**　　　　　　　　　　**CASE NO. 12-11811**

DEBTOR　　　　　　　　　　　　　　　　　　　　CHAPTER 11

**WOODLANDS DEVELOPMENT, LLC,
ANTHONY REGINELLI, JR.,
SHAWNA LANDRY REGINELLI, PETER R. STEUR
and LEE R. STEUR**

PLAINTIFFS

V.　　　　　　　　　　　　　　　　　　　　　　ADV. NO. 13-1049

**REGIONS BANK, SOUNDRA TEMPLE JOHNSON and
JOHNSON PROPERTY GROUP, LLC**

DEFENDANTS

**MEMORANDUM OPINION**

Woodlands Development, L.L.C. ("Woodlands") and its members Anthony Reginelli, Jr., Shawna Landry Reginelli, Peter R. Steur and Lee R. Steur ("Woodlands Members") sued Soundra Temple Johnson (now the chapter 11 debtor) and others in the Twenty-Fourth Judicial District Court for Jefferson Parish for a declaratory judgment relating to transfers of commercial real estate ("State Court Action"). Soundra Temple Johnson removed that lawsuit to federal court after she filed chapter 11.[1]

---

[1] The debtor removed the state court case to the United States District Court for the Eastern District of Louisiana. Petition for Removal, Civil Action No. 13-00514, P-48 (on the docket of this case). That court transferred the case to the Middle District of Louisiana. June 24, 2013 Order and Reasons, USDC for the Eastern District of Louisiana, P-52 (on the docket of Civil Action No. 13-00412, USDC for the Middle District of Louisiana), which referred the proceeding to this court on June 28, 2013, P-56 (on the docket of Civil Action No. 13-00412).

Immediately after referral of the State Court Action to this court, Regions Bank ("Regions") moved under Bankruptcy Rule 9024 to vacate the state court's June 2012 judgment dismissing its reconventional demand against Woodlands and the Woodlands Members.[2] Woodlands then moved for abstention or remand.

Abstention and remand are appropriate. This ruling moots Regions' motion for relief from judgment.

## Factual and Procedural Background

*The Many Sales of the Woodlands Complex*

This controversy revolves around the repeated transfers of a New Orleans apartment complex (the "Property") that served as collateral for Regions' 2001 loan to Woodlands ("Regions Note"). Woodlands' limited liability company members (Anthony Reginelli, Jr., Shawna Landry Reginelli, Peter R. Steur and Lee R. Steur) guaranteed the 2001 loan, which originally matured in 2005. Regions agreed to extend its due date to December 1, 2006.[3]

Woodlands sold the Property in late 2006 to Johnson Property Group, L.L.C. ("JPG") in exchange for $100,000 cash, a $400,000 promissory note ("Woodlands Note") and assumption of Woodlands' debt to Regions.[4] Soundra Temple Johnson personally guaranteed payment of the Regions debt[5] and thus joined Woodlands and the Woodlands Members, who remained liable to

---

[2] June 21, 2012 judgment dismissing Regions' reconventional demand, Exhibit 5 to Regions' Opposition to Motion for Remand, P-44 in the record of this case. The reconventional demand sought a money judgment on Woodlands' debt to Regions and against the Woodlands Members on their guaranties of that debt.

[3] January 27, 2006 Forbearance and Extension Agreement, Exhibit 3 to Regions' Memorandum in Support of Motion for Relief from Judgment, P-3 in the record of this case.

[4] September 27, 2006 Agreement of Purchase and Sale ("Purchase Agreement"), Exhibit 2 to Woodlands' Motion to Dismiss and for Abstention, P-48 in Adv. No. 13-1022. October 31, 2006 Sale of Immovable Property with Assumption of Mortgage and a Sale of Movable Property, Exhibit 1 to Woodlands' Motion to Dismiss and for Abstention, P-48 in Adv. No. 13-1022. JPG's collateral mortgage in favor of Woodlands secured the $400,000 promissory note.

[5] First Amendment to Forbearance and Extension Agreement, p.6, ¶D.

the bank on the Regions Note due to their earlier agreements. Regions again agreed to forbear declaring a default on the Regions Note until November 15, 2007 as long as JPG maintained the Property and made scheduled debt payments.[6]

JPG bought the Property with the plan to re-sell it,[7] and in fact a few months later transferred the complex to Crescent City Gates, L.L.C. ("CCG"), an entity that Soundra Temple Johnson manages. CCG assumed JPG's obligations under the Regions Note and the Woodlands Note,[8] and Regions again agreed[9] to extend the due date on its loan. About a month later CCG sold the Property to Crescent City Gates Fund, L.L.C. ("CCGF"), which assumed CCG's obligations to Regions and Woodlands.[10] CCGF defaulted on all the assumed obligations soon after that sale. That default triggered the mare's nest of litigation that eventually led Soundra Temple Johnson to file chapter 11 and brought the parties' disputes to federal court.

*The State Court Lawsuit*

Woodlands and the Woodlands Members filed the State Court Action against Regions for a declaration that they were not liable on the Regions Note, alleging a breach of contract and fraud. Woodlands included in the petition a demand against Soundra Temple Johnson and JPG on the $400,000 promissory note they had given Woodlands to buy the Property.[11] Regions

---

[6] October 31, 2006 First Amendment to Forbearance and Extension Agreement, Exhibit A to Complaint for Declaratory Relief, P-1 in Adv. No. 13-1022.

[7] First Amendment to Forbearance and Extension Agreement, p. 9, ¶J.

[8] June 7, 2007 Act of Transfer, Exhibit 11 to Complaint to Determine Dischargeability of Debt, P-4 in Adv. No. 13-1044.

[9] December 9, 2007 Second Amendment to Forbearance and Extension Agreement, Exhibit 12 to Complaint to Determine Dischargeability of Debt, P-4 in Adv. No. 13-1044.

[10] January 10, 2008 Sale of Immovable Property with Assumption of Mortgage, Exhibit 14 to Complaint to Determine Dischargeability of Debt, P-4 in Adv. No. 13-1044.

[11] *Woodlands Development, L.L.C., Anthony Reginelli, Jr., Shawna Landry Reginelli, Peter R. Steur and Lee R. Steur v. Regions Bank, Soundra Temple Johnson and Johnson Property Group, L.L.C.*, Case No. 668-408.

answered and reconvened against Woodlands and the Woodlands Members on the Regions Note; and cross-claimed against Soundra Temple Johnson and JPG on the same obligation, which they had assumed when JPG acquired the Property. Johnson, JPG and CCG then filed a third-party demand against CCGF and Crescent City Gates Management, L.L.C. ("CCGM"),[12] for breach of contract in connection with their purchase of the complex.

The state court already has rendered three judgments in the parties' lawsuit:

(1) The court dismissed Woodlands' claims against Regions in 2010 (the "Dismissal Judgment"). The Louisiana Fifth Circuit Court of Appeal affirmed that ruling in 2011;[13]

(2) The court dismissed Regions' reconventional demand against Woodlands and the Woodlands Members in June 2012 as a sanction for obstructing discovery (the "Discovery Judgment").[14] Regions suspensively appealed the Discovery Judgment to the Louisiana Fifth Circuit Court of Appeal, which had scheduled oral argument for May 7, 2013; and

(3) The state court rendered judgment in September 2012 in favor of Regions and against Soundra Temple Johnson and JPG *in solido* on the Regions Note; in favor of Woodlands and against Soundra Temple Johnson and JPG for $400,000 plus fees and

---

Woodlands filed a Second Supplemental and Amended Petition in May 2009 to make claims against Regions. The claims included demands for (1) a declaration that the Regions had no right to any of the Insurance Proceeds, and (2) damages for breach of contract, novation, tortious interference with contract, fraud, misrepresentation and equitable subordination.

[12] Crescent City Gates Management, L.L.C. is CCGF's general partner.

[13] The August 3, 2010 judgment is Exhibit 3 to Regions' Opposition to Woodlands' Motion for Remand, P-44 in the record of this case. The December 28, 2011 decision of the Louisiana Fifth Circuit Court of Appeal is Exhibit 4 to P-44 in the record of this case.

[14] Exhibit 5 to P-44 in the record of this case.

4

interest on the Woodlands Note; and holding Soundra Temple Johnson and JPG liable to indemnify Woodlands for the debt to Regions ("Temple Judgment").[15] Johnson and JPG devolutively appealed the Temple Judgment to the Louisiana Fifth Circuit, and briefing on that appeal was completed in mid-May 2013.

Both pending appeals are stayed as a result of Johnson's December 19, 2012 chapter 11 filing and the removal of the litigation from the state courts to federal court.

## Law and Analysis

*The Facts and Law Mandate Abstention*

Woodlands contends first that 28 U.S.C. §1334(c)(2) mandates that the bankruptcy court abstain from hearing this dispute.[16]

Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based on a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such a proceeding if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction.

A bankruptcy court thus must abstain from hearing a state law cause of action if: "(1) the claim has no independent basis for federal jurisdiction, other than §1334(b); (2) the claim is a non-core proceeding, i.e., it is related to case under title 11 but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated

---

[15] September 18, 2012 judgment on various motions including Regions' motion for summary judgment on the liability of Soundra Temple Johnson and JPG for the Regions' Note and Woodlands' motion for summary judgment on the liability of Johnson and JPG for the Woodlands Note, Exhibit 7 to Regions' Opposition to Woodlands' Motion to Dismiss or for Abstention, P-105 in Adv. No. 13-1022.

[16] Abstention under section 1334(c)(2) may be required even in cases that were removed to federal court based on bankruptcy jurisdiction. *In re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir. 1999) (28 U.S.C. §1334(c)(2) contains no textual support for the contention that mandatory abstention does not apply when a case has been removed by reason of bankruptcy jurisdiction).

timely in state court." *Matter of Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997). The enumerated factors mandate abstention.

First, the parties could not have filed suit in federal court absent bankruptcy jurisdiction as a result of Soundra Temple Johnson's chapter 11 filing because their dispute turns solely on state law.[17]

Second, the State Court Action comprises claims that are not core proceedings; they are at best only related to the debtor's bankruptcy case.[18] Although the "catch-all" categories of core proceedings in 28 U.S.C. §157(b)(2)(A), (B) and (O) arguably encompass the claims here, the Fifth Circuit has declined to rely on them to construe the category of core proceedings broadly, reasoning that "otherwise, the *entire* range of proceedings under bankruptcy jurisdiction would fall with the scope of core proceedings, a result contrary to the ostensible purpose of the 1984 Act." *Matter of Wood*, 825 F.2d 90, 95 (5th Cir. 1987) (emphasis added). Nor does the Fifth Circuit stand alone in narrowly construing the "catch-all" provisions of 28 U.S.C. §157(b)(2). *See e.g., Sonnier v. HESCO Bastion USA, LLC*, 2013 WL 5350853 at *7 (M.D. La. September 23, 2013) (observing *Wood*'s caution against a broad interpretation of section 157(b)(2)); *Garner v. BankPlus*, 470 B.R. 402, 406-7 (S.D. Miss. 2012) (proceedings based on

---

[17] Regions argues that the federal courts would have had jurisdiction based on diversity of citizenship under 28 U.S.C. §1332(a)(1). However, §1332(a)(1) requires complete diversity: "Where one or more plaintiffs sue one or more defendants, *each* plaintiff must be of a different citizenship than *each* defendant." *Lowe v. Ingalls Shipbuilding, A Division of Litton Systems, Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984) (emphasis in original). Plaintiff Woodlands is a Louisiana limited liability company and defendant Regions is an Alabama banking organization, but defendant Soundra Temple Johnson is a Louisiana resident and Johnson Property Group is a Louisiana limited liability company. Therefore, one plaintiff and two defendants have Louisiana citizenship, destroying complete diversity.

[18] *Core* proceedings are matters that arise under the Bankruptcy Code or arise in a case under the Bankruptcy Code. 28 U.S.C. §157(b)(1). Among core proceedings are "(A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate …; [and] (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." 28 U.S.C. §157(b)(2). In contrast, a *related* proceeding (sometimes denominated *non-core*, though that term does not appear in the statute) is one in which "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

6

state law that "could potentially affect the administration of the bankruptcy estate" were not core because they did "not invoke a substantive right provided by title 11 and could exist outside the bankruptcy case … "); and *Mirant v. The Southern Co.*, 337 B.R. 107, 116 (Bankr. N.D. Tex. 2006) (noting *Wood*'s admonition about narrow construction of 28 U.S.C. '157(b)(2)).

The claims in this lawsuit are based on state law alone, do not invoke any bankruptcy rights and could – and did – exist before the debtor filed chapter 11. They are not core proceedings.

The third and fourth *Rupp* factors also support mandatory abstention. Woodlands filed the State Court Action in 2009 and by the next year the state court had rendered the Dismissal Judgment, a ruling later affirmed on appeal. The state court rendered the Discovery and Temple Judgments in 2012. Regions and the debtor both appealed the adverse judgments and had fully briefed them for oral arguments scheduled for May 2013. Therefore, the only remaining state court dispute at the district court level is the third party demand for breach of contract that debtor, JPG and CCG filed against CCGF and CCGM.[19] Nothing suggests that the either the suspended appeals or the third party demand cannot be timely adjudicated on being remanded. Rather, removal has delayed the litigation's conclusion.

The United States District Court for the Middle District of Louisiana recently addressed mandatory abstention and embraced this reasoning. In *Sonnier*, 2013 WL 5350853 at *8, the defendants removed an action involving state law claims relating to a closed bankruptcy case. The district court concluded the removed matter was not core and that section 1334(c)(2) mandated abstention.

---

[19] The third party demand includes a request for a jury trial, which is not available in bankruptcy court. Debtor's counsel announced her intent to withdraw the jury trial request at the hearing on these motions but has not yet done so.

7

So too, 28 U.S.C. §1334(c)(2) compels abstention from this proceeding.

*In the Alternative, Permissive Abstention and Remand are Proper*

Section 1452(b) of title 28 permits federal courts to remand removed controversies for equitable reasons. It states "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." With respect to bankruptcy matters, 28 U.S.C. §1334(c)(1) states that "nothing in this section prevents a district court in the interests of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

The Fifth Circuit set out the considerations for permissive abstention in *Browning v. Navarro*, 743 F.2d 1069, 1076 fn. 21 (5th Cir. 1984). They are:

(1) forum non conveniens;

(2) if the civil action has been bifurcated by removal, the entire action should be tried in the same court;

(3) whether a state court is better able to respond to questions involving state law;

(4) the expertise of a particular court;

(5) duplicative and uneconomic effort of judicial resources in two forums;

(6) prejudice to the involuntarily removed parties;

(7) comity considerations; and

(8) a lessened possibility of an inconsistent result.

The applicable *Browning* factors support permissive abstention and remand.[20]

---

[20] The second factor is inapplicable because removal did not bifurcate the State Court Action. Factors three and four are neutral because the removed case does not present state law issues that are complex or novel, nor do they necessarily require the state court's special expertise.

Foremost among the equitable reasons supporting permissive abstention and remand is comity with state law. Regions and the debtor,[21] respectively, seek to enlist the federal courts to vacate the Discovery Judgment and one part of the Temple Judgment. That relief is inconsistent with comity: "[I]n the judicial context, comity requires federal respect for state courts' competency to conduct proceedings and enter judgments." *KSJ Development Co. v. Lambert*, 223 B.R. 677, 680 (E.D. La. 1998). "[P]rinciples of comity and federalism counsel restraint" when a federal court is asked to interfere with a state court judgment. *Regions Bank of Louisiana v. Rivet*, 224 F.3d 483, 495 (5th Cir. 2000), *cert. denied*, 531 U.S. 1126, 121 S.Ct. 882, 148 L.Ed.2d 791 (2001).

Next, reconsideration of matters a state court already has decided – specifically the debtor's and JPG's liability on the Regions Note, the Woodlands Note and duty to indemnify Woodlands on the Regions debt, and especially the discovery issues – replows ground already covered and wastes judicial resources. This is even more apparent because the Louisiana Fifth Circuit Court of Appeal was poised to hear argument before removal brought the dispute to federal court.

Also, abstention reduces the possibility of a decision inconsistent with earlier state court rulings. *See, e.g., Hospital Service District No. 3 v. Fidelity & Deposit Co. of Maryland*, 1999 WL 294795 at *8 (E.D. La. 1999) (abstention was proper in part because state court's familiarity with issues reduced likelihood of inconsistent state law rulings) and *KSJ Development Co. v. Lambert*, 223 B.R. 677, 680 (E.D. La. 1998) (remand more likely to assure consistency of state court decisions on the issues where removed case presented only state law issues).

---

[21] The debtor recently filed her own Motion for Relief from Judgment seeking to vacate the state court's September 2012 judgment in favor of Woodlands (P-57).

9

Nor is the prejudice to the involuntarily removed parties insignificant. The appeal of the Discovery Judgment would have been argued by now and possibly concluded had the debtor not removed this lawsuit from the state court. Also, although the record here leaves unclear whether CCGF or CCGM answered the third party demand before removal,[22] either may seek a jury trial as the debtor did.

Finally, non-debtor parties Regions and Woodlands[23] are not based in the Baton Rouge area and counsel and the parties must travel to Baton Rouge for hearings.

A bankruptcy court has broad discretion to determine whether to remand an action under 28 U.S.C. §1452(b). *Browning v. Navarro,* 743 F.2d at 1077 fn. 21. Even if abstention were not mandatory, *Browning* supports permissive abstention and remand of this lawsuit to the Twenty-Fourth Judicial District Court and the Louisiana Fifth Circuit.[24]

*Limits on the Bankruptcy Court's Power to Adjudicate State Law Claims*
*Support Abstention and Remand*

The impact of the United States Supreme Court's decision in *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011) is not one of the enumerated considerations for either mandatory or permissive abstention and remand in the Fifth Circuit jurisprudence because the decision was rendered well after the Fifth Circuit opinions in *Rupp* and *Browning*. Regions argues that *Stern* authorizes this court's revisiting the state court's Discovery Judgment. A recent decision of the Fifth Circuit suggests otherwise.

---

[22] The parties have not provided the complete state court record. *See*, Fed. R. Bankr. P. 9027(a)(1).

[23] The domiciles of Crescent City Gates Fund and Crescent City Gates Management are not apparent from the record.

[24] Equitable remand under 28 U.S.C. §1452(b) is most often associated with permissive abstention pursuant to 28 U.S.C. §1334(c)(2). However, equitable remand is also warranted when the requirements of mandatory abstention are met. *KSJ Development Co.*, 223 B.R. at 679.

The appeals court concluded that a bankruptcy court lacked the authority to enter the final judgment on a debtor's state law tort and contract claims against non-bankrupt defendants. *In re BP RE, L.P.*, ___ F.3d ___, 2013 WL 5975030 (5th Cir. November 11, 2013). The court explained that despite *Stern*'s insistence that its decision was narrow, the ruling was in fact " 'grounded in principles that are broad in scope.' " *Id*. at *8, quoting *Frazin v. Haynes & Boone, L.L.P.*, 732 F.3d 313, 319 (5th Cir. 2013). The *BP RE* court reasoned that if a bankruptcy court lacked constitutional authority to render a final judgment on a state law *counterclaim* not involved in ruling on a creditor's claim, "it would also not have constitutional authority over a state law *claim* … " under similar circumstances. *Id. at *9* (emphasis added).

This court perhaps could consider – and enter a final judgment on – incidental aspects of the Temple Judgment, such as attorney's fees and costs, in connection with proceedings to determine Woodlands' and Regions' claims against the debtor. However, only Woodlands and Regions are parties to the Discovery Judgment and the third party demand is merely the debtor's state law claim against non-debtors. Neither the Discovery Judgment nor the State Court Action third party demand involves the claims allowance process, so this court cannot render a final judgment in either matter, requiring instead that it propose of findings of fact and conclusions of law for the district court's review (pretermitting for the moment issues relating to the issue of parties' right to a jury trial on the third party demand on those facts). The court's exercise of its limited authority in this way is unwarranted.

## Conclusion

In a chapter 11 reorganization, the speedy resolution of disputes typically has great importance. The debtor already has proposed a disclosure statement and chapter 11 plan for which the lawsuit's outcome will be crucial. Further delaying the resolution of this dispute, and

creating additional opportunities for delay and review by a new set of courts, makes absolutely no sense: it is an inefficient use of judicial resources and does not serve the purpose of reorganization.

The facts and applicable jurisprudence support abstention and remand. Accordingly, the case is remanded to the Twenty-Fourth Judicial District Court for Jefferson Parish and the Louisiana Fifth Circuit. This ruling also moots Regions' Motion for Relief from Judgment under Bankruptcy Rule 9024.

Baton Rouge, Louisiana, December 6, 2013.

**s/Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE